UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DONNA L. FREE and ) <br> JAMIE S. FREE, ) <br>           ) <br>     Plaintiffs, ) <br>           ) <br> v.        ) <br>           ) <br> WELLMONT COLLECTIONS, INC., ) <br> f/k/a MCOT, INC., and TIMOTHY D. HALL, ) <br>           ) <br>     Defendants. ) | Civil Action No. _____ <br><br> Jury Trial Demanded |

## COMPLAINT

### INTRODUCTION

1. This action arises out of Defendants' Wellmont Collections, Inc. (hereinafter "Wellmont") and Timothy D. Hall (hereinafter "Hall") violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and Tennessee state law in its illegal efforts to collect consumer debts from Plaintiffs Donna L. Free and Jamie S. Free (hereinafter "Plaintiffs") that the Plaintiffs allegedly owe to Ballad Health.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper, pursuant to 28 U.S.C. § 1391(b), in this District as a substantial part of the acts and omissions giving rise to the Plaintiffs' claims occurred here, the Plaintiffs reside here, and the Defendants transact business here.

## PARTIES

4. The Plaintiffs are each a natural person who resides in Sullivan County, Tennessee.

5. Wellmont is a for-profit domestic corporation registered to do business in Tennessee with a principal office located at 303 Med Tech Pkwy, Johnson City, TN 37604-2391 that maintains Timothy S. Belisle, Attn: Tim Belisle, General Counsel, 400 N. State of Franklin Rd, Johnson City, TN 37604-6035 as its registered agent.

6. Hall is a natural person who resides in Hawkins County, Tennessee.

## FACTUAL ALLEGATIONS

7. The Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Wellmont, and its employees, including Hall, regularly engage in the business of using the mails and telephone system, sending collection letters, paying the filing fees and process service fees to file state legal actions and requests for the issuance of garnishments of wages and levies of bank accounts, preparing sworn affidavits for its clients to sign in support of state legal actions, or for it to sign as an agent for its clients, and attempting to collect debts in person, all in an effort to collect consumer debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. At the time the illegal actions provided later in this Complaint of the Defendants were made against the Plaintiffs, Hall was an employee of Wellmont that regularly engaged in the legal representation of Wellmont's clients, including Ballad Health, in and out of state court, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. The Defendants have alleged that the Plaintiffs incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and the

obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely debts for medical services allegedly owed by Plaintiffs to Ballad Health (hereinafter "debts").

11. After default, the debts were assigned to Wellmont by Ballad Health who the Plaintiffs allegedly owes or were otherwise acquired by Wellmont for purposes of collection from the Plaintiffs.

### *Collection Communications*

12. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

### *Legal Action Brought by the Defendants*

13. On September 24, 2019, the Defendants brought a legal action against the Plaintiffs in state court with the filing of a civil summons supported only by a document titled "AFFIDAVIT OF ACCOUNT" (hereinafter "sworn affidavit") attached to the civil summons on behalf of Ballad Health (collectively "legal action"). **Redacted copy of legal action filed as exhibit 1 to this Complaint (hereinafter "Doc. 1-1").**

14. The Defendants drafted and prepared the civil summons and placed Hall's name, an employee of Wellmont, as the attorney for Ballad Health. **See Doc. 1-1, p. 1.**

15. The Defendants also drafted and prepared the sworn affidavit. **See Doc. 1-1, pp. 2-3.**

16. Wellmont paid the filing fees to bring the legal action and the service fees to attempt proper service of the collection lawsuit on the Plaintiffs.

17. The civil summons states that Ballad Health is the state court plaintiff and that the legal action was brought by the Defendants for Ballad Health against the Plaintiffs "for $5,890.41 due, owing and unpaid, as evidenced by the attached affidavit of indebtedness, plus costs of this action and reasonable attorney fee". **See Doc. 1-1, p. 1.**

3

18. The civil summons also states: "This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose. **See Doc. 1-1, p. 1.**

19. The sworn affidavit lists the names Donna Lynn Free and Jamie Free and the amount of $7,336.41. **See Doc. 1-1, p. 2.**

20. The sworn affidavit states:

    The undersigned makes oath as follows:

    (1)  I am employed by BALLAD HEALTH (Plaintiff).
    (2)  I am custodian of the records pertaining to this individual.
    (3)  The above named [sic] person is justly indebted to the Plaintiff in the amount of $7,336.41.
    (4)  All just credits have been given in regard to this account(s).
    (5)  In my official capacity with the Plaintiff, I authorize and direct the institution of legal action on this account (s), having been authorized by the Plaintiff to do so.

    Justification for suit:  EMPLOYMENT
                                        PROPERTY OWNER

    . . .

    ACCOUNT NUMBER (S):

| CREDITOR/ACCOUNT NUMBER | AMT/SVC DT | INTEREST | FEES | TOTAL |
|---|---|---|---|---|
| BALLAD HEALTH 2201323905 | 2285.00 06-02-16 | 0.00 | 0.00 | 2285.00 |
| BALLAD HEALTH 1334220042 | 91.56 12-08-13 | 0.00 | 0.00 | 91.56 |
| BALLAD HEALTH 1407020092 | 878.36 03-11-14 | 0.00 | 0.00 | 878.36 |
| BALLAD HEALTH 2200030577 | 472.23 04-11-14 | 0.00 | 0.00 | 472.23 |
| BALLAD HEALTH 2200834237 | 150.00 08-07-15 | 0.00 | 0.00 | 150.00 |

| | | | | |
|---|---|---|---|---|
| BALLAD HEALTH 2201371626 | 461.00 07-02-16 | 0.00 | 0.00 | 461.00 |
| BALLAD HEALTH 2200122613 | 881.29 06-08-14 | 0.00 | 0.00 | 881.29 |
| BALLAD HEALTH 2201477732 | 1615.00 09-07-16 | 0.00 | 0.00 | 1615.00 |
| BALLAD HEALTH 2200412175 | 501.97 12-01-14 | 0.00 | 0.00 | 501.97 |
| TOTAL | 7336.41 | 0.00 | 0.00 | 7336.41 |

**See Doc. 1-1, pp. 2-3.**

21. The Defendants consolidated these nine (9) accounts for purposes of bringing the legal action against the Plaintiffs. **See Doc. 1-1.**

22. Also attached to the civil summons were three (3) additional documents. **See Doc. 1-1, pp. 4-6.**

23. The first and second documents additional documents attached to the civil summons state at the top:

**MCOT**
**Medical Collections of the Tri-Cities**
**Affidavit Changes**

**See Doc. 1-1, pp. 4-5.**

24. Both of these documents show that the amount of the debts were decreased from the original affidavit. **See Doc. 1-1, pp. 4-5.**

25. Although Wellmont filed an Articles of Amendment with the Tennessee Secretary of State on August 1, 2019 which changed its name from MCOT, Inc. (hereinafter "MCOT") to Wellmont, the third additional document attached to the civil summons has the heading for MCOT at the top which includes its website and states:

> Legal Action has been filed against you for the amounts(s) on the warrant and supported by its attached affidavit(s). Court cost and legal fees have been incurred with the process for which you may be liable.
>
> Your account representative will be able to assist you with the matter by contacting our office at 423-230-4121 or 800-964-6268 Ext 223.
>
> If you would like to settle this matter before the scheduled court date,
> you should contact our office. If you have any questions or disputes in reference to this legal action we ask that you contact this our office
> before the court date so that those issues can be addressed.
>
> **Dianne Belle**
> **423-230-4121**
> **800-964-6268 Ext 223**
>
> "Federal Law requires us to inform you that the is an attempt to Collect a debt, any information obtained will be used for that purpose."
>
> MCOT, Inc. is licensed by the Tennessee Collections Service Board of the State Department of Commerce and Insurance by the State of Tennessee.

**See Doc. 1-1, p. 6.** (bold in original)

26. The legal action was brought by the Defendants against the Plaintiffs in connection with collection of the debt and in an attempt to collect the debt, and conveyed information regarding the debt, including that Ballad Health is the creditor alleged to be owed the debt the Defendants are attempting to collect, and the amount alleged as owed, and is a "communication" as defined by 15 U.S.C. § 1692a(2). **See Doc. 1-1, pp. 1-2.**

27. The legal action brought against the Plaintiff by the Defendants sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance allegedly owed by the Plaintiff for medical services provided to the Plaintiff by Ballad Health.

28. On January 29, 2020, a default judgment was entered against the Plaintiffs in the legal action for "$5,856.02 plus interest at the rate of 6.75 % and cost of suit, for which execution may issue." **Redacted copy of default judgment filed as exhibit 2 to this Complaint (hereinafter "Doc. 1-2").**

29. On information and belief, Hall was present and represented Ballad Health in obtaining the default judgment against the Plaintiffs on January 29, 2020.

30. On February 10, 2020, the Plaintiffs filed a timely appeal of the default judgment to Circuit Court and the case is still pending.

## TENNESSEE COLLECTION SERVICE ACT

31. On September 24, 2019 when the legal action was brought by the Defendants against the Plaintiffs, Wellmont held a Tennessee collection service license and is subject to all of the requirements of the Tennessee Collection Service Act, Tenn. Code Ann. §§ 62-20-101, *et seq.* (hereinafter "TCSA").

32. The TCSA makes it clear that: a "[c]ollection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity." **See Tenn. Code Ann. § 62-20-102(3).**

33. The TCSA further states:

> **(**b) A collection service licensee may commence litigation for the collection of an assigned account, bill, note or other indebtedness in a court of competent jurisdiction located in any of the following counties:

(1) The county in which the debtor signed the account, bill, note or other indebtedness sued upon;

(2) In the case of consolidated accounts that all arose from the same county, the county in which all of the consolidated accounts, bills, notes or other indebtednesses arose; or

(3) The county in which the debtor resides at the commencement of the action.

(c) No collection service licensee shall commence any litigation authorized by this section, unless the collection service licensee appears by an attorney admitted to practice law in this state.

(d)

(1) For purposes of commencing litigation, a collection service licensee that has taken an assignment or assignments pursuant to this section may consolidate the assigned accounts, bills, notes or other indebtedness of one (1) or more creditors against one (1) individual debtor or codebtors, in one (1) case. Each assigned account, bill, note or indebtedness must be separately identified and pled in any consolidated action authorized by this section. The individual amount of each account, bill, note or other indebtedness that forms the basis for any consolidated action shall not exceed two hundred dollars ($200) each, as identified and pled by the collection service licensee, exclusive of court costs, attorney fees and interest that may have accrued before the filing of the consolidated action. The aggregate amount of consolidated accounts, bills, notes and other indebtedness in any one (1) case shall not exceed five hundred dollars ($500), as identified and pled by the collection service licensee, exclusive of court costs, attorney fees and interest that may have accrued before the filing of the consolidated action. Court costs shall be assessed to the losing party. Interest, attorney fees and reimbursable expenses shall be assessed against the losing party, if provided in any of the consolidated accounts, bills, notes or other indebtedness or as otherwise permitted or required by law.

(2) If a debtor or codebtor files a sworn denial or otherwise raises a dispute concerning any account, bill, note or other evidence of indebtedness, the court shall dismiss the account, bill, note or other evidence of indebtedness, without prejudice. The collection service licensee may bring a separate case for any such disputed account, bill, note or other evidence of indebtedness within one (1) year of dismissal; provided, however, that the disputed account, bill, note or

other evidence of indebtedness cannot be consolidated with any other account, bill, note or other evidence of indebtedness.

(3) **For any account on which an affidavit of sworn account is filed pursuant to § 24-5-107(a), a separate affidavit shall be filed for each account in a consolidated action**.

(e) Nothing in this section relieves a collection service licensee from complying with the Fair Debt Collection Practices Act (15 U.S.C. § 1692) or deprives any debtor of the right to assert defenses as provided in that act.

(f) **On the face of any warrant or other pleading filed in any consolidated action or in an attachment to the warrant or pleading, the collection service licensee shall state the order in which the creditor intends to apply payments received on any judgment obtained in the consolidated action. The collection service licensee shall also state that payments will be applied as stated unless the debtor instructs otherwise in writing or the court orders otherwise.**

See Tenn. Code Ann. § 62-20-124. (emphasis added)

## UNAUTHORIZED PRACTICE OF LAW

34. The "[p]ractice of law" means the **appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court**. See Tenn. Code Ann. § 23-3-101(3). (emphasis added)

35. No person shall engage in the practice of law . . . as defined in § 23-3-101, unless the person has been duly licensed, and while the person's license is in full force and effect, **nor shall any association or corporation engage in the practice of** law. See Tenn. Code Ann. § 23-3-103(a). (emphasis added)

36. The Tennessee Board of Professional Responsibility's (hereinafter "TBPR") Formal Ethics Opinion 83-F-44 states:

Inquiry is made by in-house corporate counsel about the propriety of allowing the corporation to bill its customers for legal services performed by corporate counsel.

**Corporations may use lawyer employees to conduct its own legal affairs but may not use them to perform legal services for others. This would constitute the practice of law by a non-lawyer**.

**Any participation by corporate counsel in performing legal services to corporate customers is in violation of Disciplinary Rule 3-101(A) of the Code of Professional Responsibility which prohibits a lawyer from aiding a non-lawyer in the unauthorized practice of law.**

Any participation by corporate counsel in allowing the corporation to collect money for the performance of legal services is in violation of Disciplinary Rule 3-102(A) which prohibits a lawyer from sharing legal fees with a non-lawyer.

**Copy filed as exhibit 3 to this Complaint (hereinafter "Doc. 1-3").** (emphasis added)

37. The TBPR's Formal Ethics Opinion 84-F-74 states:

    Inquiry is made concerning the ethical propriety of self-representation, in court, by corporations through attorney employees.

    The Code of Professional Responsibility only addresses the ethical responsibilities of attorneys' acts or conduct in relation to the unauthorized practice of law.

    There is no impropriety in an attorney employee of a corporation assisting, advising, counseling, representing or appearing on behalf of the corporation in the conduct of its affairs, either in or out of court.

    **Any participation by corporate counsel in performing legal services to corporate customers is in violation of Disciplinary Rule 3-101(A) of the Code which prohibits a lawyer from aiding a non-lawyer in the unauthorized practice of law. See Formal Ethics Opinions 83-F-44 and 83-F-44(a).**

**Copy filed as exhibit 4 to this Complaint (hereinafter "Doc. 1-4").** (emphasis added)

# FAIR DEBT COLLECTION PRACTICES ACT

38. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692** *et seq.*

39. Congress passed the FDCPA because:

    **(a) Abusive Practices**

    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    **(b) Inadequacy of Laws**

    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    **(c) Available Non-Abusive Collection Methods**

    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

40. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **See 15 U.S.C. § 1692 (e).**

41. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970

F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

42. "'Courts must view any alleged [FDCPA] violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). (internal quotation marks and citations omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)". *Stratton, supra*, at 450.

43. "Debt collection is performed through 'communication,' . . . 'conduct,' . . . or 'means'. These broad words suggest a broad view of what the Act considers collection . . . [I]f a purpose of an activity taken in relation to a debt is to 'obtain payment' of the debt, the activity is properly considered debt collection." *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013).

## STATE LAW CLAIMS

44. Plaintiffs incorporates by reference all of the above paragraphs as though fully stated herein.

45. By Hall, Wellmont's employee, representing Ballad Health in the legal action brought against the Plaintiffs in state court, he assisted Wellmont in violating the state law against the unauthorized practice of law in violation of Tenn. Code Ann. § 23-3-103(a).

## FDCPA CLAIMS

46. Plaintiffs incorporates by reference all of the above paragraphs as though fully stated herein.

47. By failing to file a separate affidavit for each account in a consolidated action, in violation of Tenn. Code Ann. § 62-20-124(d)(3), the Defendants falsely represented the character

or legal status of the debts, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), threatened to take and actually took any action that cannot be legally taken, in violation of 15 U.S.C. § 1692e(5), used a written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval, in violation of 15 U.S.C. § 1692e(9), and used false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10).

48. By failing to state on the face of the civil summons filed in the consolidated action or in an attachment to the civil summons:

    (a) "the order in which the creditor intends to apply payments received on any judgment obtained in the consolidated action"; and

    (b) "that payments will be applied as stated unless the debtor instructs otherwise in writing or the court orders otherwise",

    in violation of Tenn. Code Ann. § 62-20-124(f), the Defendants falsely represented the character or legal status of the debts, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), threatened to take and actually took any action that cannot be legally taken, in violation of 15 U.S.C. § 1692e(5), used a written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval, in violation of 15 U.S.C. § 1692e(9), and used false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10).

49. By bringing the legal action against the Plaintiffs while engaging in the unauthorized practice of law, Wellmont falsely represented or implied that any individual is an attorney or that any communication is from an attorney, in violation of 15 U.S.C. § 1692e(3).

50. By using the name MCOT on the attachments to the civil summons, the Defendants used the business, company, or organization name other than the true name of the debt collector's business, company, or organization, in violation of 15 U.S.C. § 1692e(14).

*Summary*

51. The above-detailed conduct by the Defendants in connection with collection of the debts and in an attempt to collect the debts was conduct in violation of numerous and multiple provisions of the FDCPA and state law including, but not limited to the above-cited provisions.

**TRIAL BY JURY**

52. Plaintiffs is entitled to and hereby respectfully demands a trial by jury.  **U.S. Const. amend. 7;  Fed.R.Civ.P. 38.**

**CAUSES OF ACTION**

**COUNT I**

**UNAUTHORIZED PRACTICE OF LAW**

**Tenn. Code Ann. § 23-3-101, et seq.**

53. Plaintiffs incorporate by reference all the above paragraphs as though fully stated herein.

54. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the prohibition against engaging in the unauthorized practice of law by a

corporation including, but not limited to the above-cited provisions of Tenn. Code Ann. § 23-3-103.

55. As a result of Defendants' violations of Tenn. Code Ann. § 23-3-103, Plaintiffs are entitled to an amount equal to the sum of treble any actual damages sustained by the Plaintiff and treble any amount paid by the Plaintiff, pursuant to Tenn. Code Ann. § 23-3-112(a)(1); and, reimbursement for the reasonable costs and expenses of investigation and prosecution of acts under Tenn. Code Ann. § 23-3-101, including, but not limited to, reasonable attorney fees, as well as expert and other witness fees.

## COUNT II-VIII

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(9), 1692e(10), and 1692e(14)

56. Plaintiffs incorporate by reference all of the above paragraphs as though fully stated herein.

57. The Defendants' foregoing acts and omissions constitute numerous and multiple FDCPA violations including, but not limited to each and every one of the above-cited FDCPA provisions, with respect to Plaintiffs.

58. As a result of the Defendants' FDCPA violations, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00 each; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prays that judgment be entered against the Defendants:

## COUNT I

## UNAUTHORIZED PRACTICE OF LAW

## Tenn. Code Ann. § 23-3-101, et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award equal to the sum of treble any actual damages sustained by the Plaintiff and treble any amount paid by the Plaintiff, pursuant to Tenn. Code Ann. § 23-3-112(a)(1);

- for an award for reimbursement for the reasonable costs and expenses of investigation and prosecution of acts under § 23-3-101, including, but not limited to, reasonable attorney fees, as well as expert and other witness fees;

## COUNT II-VIII

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(9), 1692e(10), and 1692e(14)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants and for Plaintiffs, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against the Defendants and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants and for Plaintiffs; and

- for such other and further relief, as may be just and proper.

09/24/20                                   Respectfully submitted,

                                                 **DONNA L. FREE**
                                                 **JAMIE S. FREE**

                                               s/      Alan C. Lee
                                               Alan C. Lee, BPR # 012700
                                               P. O. Box 1357
                                               Talbott, TN 37877-1357
                                               (423) 581-0924
                                               aleeattorney@gmail.com

                                               Attorney for Plaintiffs